[Cite as *Peace v. Ohio Dept. of Transp.*, 2011-Ohio-4580.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERICA PEACE

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2011-01186-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶1} Plaintiff, Erica Peace, filed this action against defendant, Department of Transportation (ODOT), contending that her 2006 Volkswagon Passat was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71 in Hamilton County. Specifically, plaintiff related that the car sustained significant damage when the vehicle traveled over "a huge bump in the road, it felt like an enormous speed bump in the middle of the fast lane." Plaintiff recalled that her described damage incident occurred on December 2, 2010 at approximately 6:15 p.m. In her complaint, plaintiff initially requested damage recovery of $2,833.66, the total cost of automotive repair and related expenses. The filing fee was paid.

{¶2} On February 4, 2011, a judge of the Court of Claims granted plaintiff's motion to amend the prayer amount to $525.00 and transferred the case to the administrative docket. See R.C. 2743.10.

{¶3} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing condition prior to plaintiff's December 2, 2010 described occurrence. Defendant located the particular

"pothole or bump" between mileposts 12.77 and 11.81 on I-71 in Hamilton County and advised that "ODOT did not receive any complaints or otherwise have notice" of the condition prior to plaintiff's incident.

{¶4} Defendant denied receiving any other complaints regarding roadway defects at the particular location despite the fact that this section of Interstate 71 has an average daily traffic count of over 120,000 vehicles.

{¶5} Defendant denied ODOT negligently maintained Interstate 71 in Hamilton County. Defendant noted that the ODOT "Hamilton County Manager inspects all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no "bumps" or other defects were discovered at the location of plaintiff's incident on I-71 the last time that section of roadway was inspected prior to December 2, 2010. The claim file is devoid of any copy of ODOT Hamilton County inspection records. Defendant suggested that the pothole "existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶6} Defendant submitted "Maintenance Records" for Interstate 71 covering the dates from June 2, 2010 to December 2, 2010. According to the information supplied, pothole patching operations were conducted in the vicinity of plaintiff's incident on August 24, 2010.

{¶7} Plaintiff did not file a response. Plaintiff did not produce any evidence to establish the length of time that the particular defective condition on I-71 existed prior to 6:15 p.m. on December 2, 2010.

{¶8} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice

among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶9} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶10} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the defect. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the defect must be presented.

{¶11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶12} The trier of fact is precluded from making an inference of defendant's

constructive notice, unless evidence is presented in respect to the time that the defect appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular condition was present. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of a dangerous condition. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ERICA PEACE

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2011-01186-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Erica Peace                          Jerry Wray, Director
10071 Timbercreek Drive              Department of Transportation
Union, Kentucky  41091               1980 West Broad Street
                                     Columbus, Ohio  43223

SJM/laa
5/10
Filed 6/1/11
Sent to S.C. reporter 9/12/11